## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| SHEILA TROUT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| REDLINE RECOVERY SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

SHEILA TROUT (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against REDLINE RECOVERY SERVICES, LLC, (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

7.  Plaintiff is a natural person residing in Morton, Tazewell County, Illinois.

8.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiffs.

10. Defendant is a New York company with an office in Getzville, Erie County, New York.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

**FACTUAL ALLEGATIONS**

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff at 309-696-8775.

14. Defendant constantly and continuously calls Plaintiff's aunt disclosing Plaintiff's debt and seeking and demanding payment even though Plaintiff's aunt has repeatedly informed Defendant that they are calling the wrong person.

15. Defendant calls Plaintiff and fails to disclose that the call is from a debt collector.

16. Defendant called Plaintiff and threatened to file a lawsuit if Plaintiff did not make a $600.00 payment by May 25, 2009.

17. Defendant called Plaintiff and threatened to garnish Plaintiff's wages if immediate payment was not made.

18. Defendant failed to provide Plaintiff with a debt validation letter.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's aunt and failing to identify himself and state that he is confirming or correcting location information concerning the Plaintiffs.

b. Defendant violated *§1692b(2)* of the FDCPA by stating to Plaintiff's aunt that Plaintiff owes a consumer debt.

c. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's aunt more than once and without request to do so and without the reasonable belief that the earlier response was erroneous or incomplete.

d. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's aunt in connection with the collection of Plaintiff's alleged debt.

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of Plaintiff's debt will result in the garnishment of Plaintiff's wages when Defendant did not intend to take such action.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant did not intend to take such action.

h. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant threatened to file a lawsuit against Plaintiff and did not intend to take such action.

i.  Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant threatened to garnish Plaintiff's wages and did not intend to take such action.

j.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

k.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, SHEILA TROUT, respectfully requests judgment be entered against Defendant, REDLINE RECOVERY SYSTEMS, LLC, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices

Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15*

*U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

By:_____/s/ Adam J. Krohn_____
[ ]Adam Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHEILA TROUT, demand a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, SHEILA TROUT, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHEILA TROUT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

5-29-09
Date

SHEILA TROUT

PLAINTIFF'S COMPLAINT                                                                    6

# **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — YES (NO)
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. (Headache) nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — YES (NO)
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 5-29-09

Sheila Trout
Signed Name

Sheila Trout
Printed Name